UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAARMAN CONSTRUCTION, LTD,<br>        Plaintiff,<br>   v.<br>IRONSHORE SPECIALTY INSURANCE COMPANY,<br>        Defendant. | Case No.  15-cv-03548-JST<br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. Nos. 34, 35 |

Before the Court are Defendant Ironshore's Motion for Summary Judgment and Plaintiff Saarman Construction's Motion for Partial Summary Judgment. ECF Nos. 34, 35. The Court heard argument on the motions on July 14, 2016.

The motions present an issue of first impression under California law: what effect does a mold exclusion that bars insurance coverage for "any claim, demand, or 'suit' alleging [damage] arising out of, in whole or in part, the actual, alleged, or threatened . . . existence of any mold" have on covered, non-mold related claims? Plaintiff urges the Court to ignore the policy's use of the word "suit" and apply the rule that "the insurer's duty to defend extends to non-covered claims or damages if the complaint includes a potentially covered claim." ECF No. 66 at 10. Defendant urges the Court to hold that the mold exclusion provision relieves an insurer of any duty to indemnify or defend against any asserted claims whenever one of the claims alleges the existence of mold, regardless of how substantial the otherwise covered claims, or how trivial the mold claims, might be.

The effect of the mold exclusion on otherwise covered claims is a question of California state law, but at oral argument, the parties acknowledged that no California court has yet decided it. This federal court must therefore determine how the California Supreme Court is likely to decide the issue. See In re K F Dairies, Inc. & Affiliates, 224 F.3d 922, 924 (9th Cir. 2000)

(applying "California law as [the court] believe[d] the California Supreme Court would apply it" when deciding an issue of state law).

The parties' briefs do not sufficiently assist the Court in identifying the result the California Supreme Court is most likely to reach. The only high court resolution the Court has been able to identify is that of New York. <u>Mount Vernon Fire Insurance Co. v. Creative Housing Ltd.</u>, 88 N.Y.2d 347 (1996). In <u>Mount Vernon</u>, the insurance policy at issue contained an exclusion that provided, "it is agreed that no coverage shall apply under this policy for any claim, demand or suit based on Assault and Battery, and Assault and Battery shall not be deemed an accident whether or not committed by or at the direction of the insured." Like the policy at issue here, that policy used the phrase "claim, demand, or suit." The <u>Mount Vernon</u> court applied a "but for" test to determine coverage in such cases, holding that "if no cause of action would exist but for the assault, the claim is based on assault and the exclusion applies." <u>Id.</u> at 350. If that result were to apply in the present case, the Court would need to determine whether the Lee or HOA cross-complaints could have been brought in the absence of mold allegations.

In light of the importance of the issue to California insurers and policyholders, it is clear to the Court that further briefing is needed to assist the Court in reaching a just, fair, and legally correct decision. Accordingly, the parties are now ORDERED TO SHOW CAUSE why the Court should not invite amicus briefs from the following entities:

American Insurance Association
555 12th St, NW, Suite 550
Washington DC 20004
(202) 828-7100
Attn: J. Stephen Zielezienski
Senior Vice President and General Counsel

United Policyholders
381 Bush Street, 8th Floor
San Francisco, CA 94104
415-393-9990
Attn: Amy Bach
Executive Director

Any party may, but is not required to, respond to this order to show cause. Any response must be filed by July 22, 2016. Any party objecting to the Court's invitation to file amicus briefs

2

must state the nature of and grounds for the objection.

IT IS SO ORDERED.

Dated: July 18, 2016

_____
JON S. TIGAR
United States District Judge