**NOT FOR CITATION (CIV. L.R. 7-14)**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAARMAN CONSTRUCTION, LTD,

          Plaintiff,

   v.

IRONSHORE SPECIALTY INSURANCE COMPANY,

          Defendant.

Case No. 15-cv-03548-JST

**PRETRIAL ORDER**

Following this afternoon's pretrial conference, and having considered the parties' pretrial statement and the arguments made by counsel, the Court now issues the following pretrial order:

    1.  <u>Ironshore's Request to Exclude the Testimony of Paul Lahaderne</u>

Ironshore objects to the testimony of Paul Lahaderne, the attorney who tendered Saarman's claim to Ironshore and communicated with Ironshore regarding that claim thereafter. Mr. Lahaderne has never represented Ironshore. He is of counsel to Sedgwick LLP, a law firm that represents Ironshore in unrelated matters. Defendant argues that if Mr. Lahaderne testifies on behalf of Saarman, he will be violating his duty of loyalty to Ironshore. Ironshore asks the Court to prevent Mr. Lahaderne from testifying on that basis.

The Court will deny this request. First, the Court is aware of no authority that supports Ironshore's request, and Ironshore cites none. Mr. Lahaderne does not represent Saarman as an *attorney* in this proceeding; he is a *witness*. Ironshore is not asking the Court to relieve Mr. Lahaderne of his representation in this case, but to exclude his testimony.[1] The rules and cases to

---

[1] The poor fit between the law Ironshore cites and the request it makes is illustrated by the fact that, even if Mr. Lahaderne's testimony were excluded, he would be free to continue to represent

which Ironshore cites the Court simply do not apply.  Indeed, Ironshore conceded at today's pretrial conference that letters that Mr. Lahaderne sent to Ironshore would be admissible.  There is no reason that his testimony would not also be.

Second, even if Ironshore had the legal ability to make such a request, it waived it by not making it earlier.  It has been aware that Mr. Lahaderne was representing Saarman since February 2014.  It has been aware that it was being sued with regard to the tender since at least the filing of this lawsuit in July 2015.  It took Mr. Lahaderne's deposition in this case.  Yet it took no action until a few days when the parties submitted their pretrial statement.  "It is well settled that a former client who is entitled to object to an attorney representing an opposing party on the ground of conflict of interest but who knowingly refrains from asserting it promptly is deemed to have waived that right." Trust Corp. of Montana v. Piper Aircraft Corp., 701 F.2d 85, 87 (9th Cir. 1983).  For Ironshore to wait until the eve of trial to ask that Mr. Lahaderne's testimony be excluded is equivalent to a waiver of its right to complain.

Ironshore's request is denied.

2.   Ironshore's Request to Exclude the Testimony of Neal Bordenave

Ironshore asks the Court to exclude the testimony of Saarman's expert witness, Neal Bordenave.  Mr. Bordenave has been designated as an expert regarding whether Ironshore conducted a reasonable investigation and other issues related to Saarman's bad faith claim.  His report was required to be served on May 24, 2016, but was not served until June 13, 2016, approximately three weeks later.

Parties wishing to rely on expert opinions must disclose those opinions and the facts or data considered in forming them "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).  Failure to comply with a court's discovery orders may lead to discovery sanctions pursuant to Federal Rule of Civil Procedure 37(b).  Moreover, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless

Saarman in its coverage discussions with Ironshore.

the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[E]ven when a party cannot demonstrate that the failure to designate an expert timely was substantially justified or harmless, [however,] a court may nevertheless exercise its discretion to impose lesser sanctions than complete exclusion." Zertuche v. Cty. of Santa Clara, No. 11-CV-3691 YGR, 2013 WL 4111142, at *3 (N.D. Cal. Aug. 12, 2013).

The Court concludes that Saarman's late disclosure was not substantially justified and that Ironshore suffered prejudice. True, Ironshore did nothing to protect its rights following the late disclosure: it did not seek an extension of time to designate its rebuttal expert; it did not notice Mr. Bordenave's deposition, and it did not bring the attention to the matter of the Court before the parties filed their pretrial statement. But it was prejudiced by having less time to designate a rebuttal expert, and the Court cannot say that Defendant's failure means that that Plaintiff's late disclosure should go entirely without sanction. "Disruption to the schedule of the court and other parties in that manner is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to." Wong v. Regents of Univ. of California, 410 F.3d 1052, 1062 (9th Cir. 2005).

The Court concludes, however, that exclusion is too severe a sanction, because it would probably result in the equivalent of a directed verdict on Plaintiff's bad faith claim. Given that fact, Defendant's prior inaction, and that a lesser sanction exists that can cure any prejudice to Defendant, the Court finds that a lesser sanction is appropriate: a continuance of the trial date. A continuance will enable Ironshore to designate a rebuttal expert, and the parties to take both experts' depositions. Moreover, it is clear from the disheveled state of the parties' pretrial statement and proposed jury instructions that they simply are not ready to try this case now. Thus, a continuance will not only remedy Saarman's late expert disclosure but is in the interests of all parties and the Court.

The rebuttal expert deadline is continued to September 23, 2016. The expert discovery deadline is continued to October 21, 2016. The trial of this case is continued to January 30, 2016 at 8:30 a.m. The further pretrial conference originally set for September 2, 2016 is continued to

United States District Court
Northern District of California

1   January 4, 2016 at 9:30 a.m.  A complete, updated joint pretrial statement must be filed by

2   December 16, 2016 at 5:00 p.m.  Given the condition of the parties' original pretrial statement, the

3   Court cautions counsel that a failure adequately to meet and confer; the submission of obviously

4   inadequate jury instructions; or presentation of misstatements of the law will potentially subject

5   counsel to monetary sanctions.

6        3.   <u>Other Issues</u>

7        In light of the foregoing, all other deadlines set by the Court at today's pretrial conference

8   are vacated.

9        IT IS SO ORDERED.

10   Dated:  August 26, 2016

11

12                                 JON S. TIGAR
                                 United States District Judge

United States District Court
Northern District of California