UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAARMAN CONSTRUCTION, LTD, <br><br> Plaintiff, <br><br> v. <br><br> IRONSHORE SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | Case No. 15-cv-03548-JST <br><br> **ORDER GRANTING MOTION FOR RECONSIDERATION** <br><br> Re: ECF No. 130 |

Currently before the Court is Defendant Ironshore Specialty Insurance Company's motion for reconsideration, ECF No. 130, which asks the Court to amend part of its August 19, 2016 Order on cross-motions for summary judgment. The Court previously granted Ironshore leave to file the present motion for reconsideration. ECF No. 129. Plaintiff Saarman Construction, Ltd. has filed a statement of non-opposition. ECF No. 131.

Local Rule 7–9 provides that a party moving for leave to file a motion for reconsideration must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7–9(b).

Ironshore argues that the Court improperly found that the policy was ambiguous based on

a conflict in meaning between the Continuous or Progressive Injury or Damage endorsement ("CP Exclusion") and the body of the policy, resulting in manifest error. ECF No. 130. Ironshore argues that, because language in an endorsement overrides language in the body of the policy as a matter of law, such an ambiguity cannot exist. Id. Ironshore further argues that the Court erred by relying on Pennsylvania Gen. Ins. Co. v. Am. Safety Indem. Co., 185 Cal. App. 4th 1515 (2010) because that case found that language contained in an endorsement was itself ambiguous. Id.

Although Ironshore failed to present this argument earlier, the Court finds it persuasive, and finds that the ends of justice argue in favor of amending the Court's prior order. "[I]f there is a conflict in meaning between an endorsement and the body of the policy, the endorsement controls." Aerojet-Gen. Corp. v. Transp. Indem. Co., 17 Cal. 4th 38, 50, n. 4 (1997), as modified on denial of reh'g (Mar. 11, 1998) (internal quotation marks omitted) (quoting Continental Cas. Co. v. Phoenix Constr. Co., 46 Cal.2d 423, 431 (1956)). The Court therefore erred in holding that the language in the CP Exclusion was ambiguous, and thus unenforceable, because it conflicted with provisions in the body of the policy itself, including the general coverage provisions and the completed operations coverage provision. ECF No. 87 at 18-19.

The Court also erred by relying on Pennsylvania General. In that case, the California Court of Appeal found that a policy endorsement was itself ambiguous because it contained two conflicting clauses—one that conditioned coverage on damage occurring during the policy period and one that conditioned coverage on a causal act occurring during the policy period. Pennsylvania General, 185 Cal. App. 4th at 411-12. Based on this discrepancy, the court concluded that "the 1999 endorsement . . . does not clearly and unambiguously limit coverage to those claims in which the causal acts took place during the policy period." Id. Although the Pennsylvania General court buttressed its conclusion by looking to other provisions in the policy, including another endorsement and the products-completed operations hazard, the underlying ambiguity inhered in the endorsement itself. Id. at 412, 416-17.

Unlike the endorsement at issue in Pennsylvania General, the language in Ironshore's CP Exclusion endorsement clearly and unambiguously excludes coverage for property damage resulting from work performed by the insured prior to policy inception, unless that damage is

2

sudden and accidental and takes place within the policy period.  ECF No. 34-4 at 32.  Although the language in the endorsement conflicts with language in the body of the policy, the endorsement was expressly intended to modify the underlying policy, and the language in the endorsement overrides any conflicting language in the policy itself.  <u>Aerojet</u>, 17 Cal. 4th at 50, n. 4.

Because "Saarman does not dispute that it finished its repair work on the property by 2007 at the latest, several years before the policy inception date of June 30, 2011," the CP Exclusion "automatically deems any damage resulting from that work to have first existed prior to the policy inception, unless the damage was 'sudden and accidental.'"  ECF No. 87 at 16.  Saarman, which bears the burden of proving that it satisfies an exception to this exclusion, has not argued that the damage was sudden and accidental.  <u>Id</u>.  Thus, the CP Exclusion negates any duty to defend or indemnify in this case, and obviates the need for the upcoming trial.

The Court will withdraw its prior order on cross-motions for summary judgment located at ECF No. 87, and issue an amended order in its place.  The amended order will revise the Court's analysis of the CP Exclusion, and will not affect any other portion of the Court's August 19, 2016 order.

IT IS SO ORDERED.

Dated: January 31, 2017

_____
JON S. TIGAR
United States District Judge